```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

ABDELAZIZ BENNOUR,               )
                                 )
          Petitioner             )
                                 )     Civil Action No.
     v.                          )     04cv12149-MLW
                                 )
BRUCE CHADBOURNE, FIELD OFFICE   )
DIRECTOR, BUREAU OF IMMIGRATION  )
AND CUSTOMS ENFORCEMENT,         )
UNITED STATES DEPARTMENT OF      )
HOMELAND SECURITY                )
                                 )
          Respondent[1]          )
```

RETURN AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS, STAY OPPOSITION, AND NOTICE OF INTENT TO EXECUTE REMOVAL ORDER

**NOTICE OF INTENT TO EXECUTE REMOVAL ORDER**

Petitioner is in custody awaiting the execution of his removal order by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), now scheduled for **Friday, October 15, 2004**, but contingent upon the promised receipt of necessary travel documents from the government of Algeria by then.[2]  Respondent therefore gives notice of its intent to execute the removal order against petitioner by removing him to Nigeria on **Friday, October 15, 2004**.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

**CASE FACTS AND BACKGROUND**

Petitioner is a native and citizen of Algeria was admitted to the United States on July 13, 1997, as a nonimmigrant fiance for the purpose of marrying a United States citizen within 90 days of admission. Petitioner did marry a United States citizen, Deborah A. Sunderman, on October 7, 1997, however, Ms. Sunderman soon withdrew her support for petitioner's lawful immigration and filed for annulment of the marriage. See Attachment A. Petitioner's application for lawful permanent residence was then denied by the former INS on April 20, 1998. Judgment of annulment of the marriage entered on July 17, 1998.

By administrative Notice to Appear dated June 12, 1998, the former INS brought removal proceedings against petitioner charging that because of his failed application for permanent residence he was now removable as a nonimmigrant alien who had remained in the United States longer than authorized. See 8 U.S.C. § 1227(a)(1)(B) (alien present in the United States in violation of law).

In removal proceedings before an Immigration Judge at Boston, Massachusetts, petitioner was found to be removable as charged, and his applications for relief under asylum, withholding of deportation, voluntary departure, and his claim

---

[2] The undersigned is informed that the Algerian government's issuance of travel documents for deportees is frequently at the 11th-hour and arrives by Federal Express courier service.

to protection under the Convention Against Torture ("CAT")[3] were heard.  On December 28, 2001, after hearing petitioner's case, the Immigration Judge denied all reliefs and the CAT claim, and ordered petitioner removed to Algeria.  See Attachment B, Oral Decision of the Immigration Judge, dated December 28, 2001.

Petitioner filed an administrative appeal from the Immigration Judge's removal order to the Board of Immigration Appeals ("BIA").  However, on May 10, 2002, petitioner wrote to the BIA to withdraw his appeal, saying that he no longer wanted to fight the INS.  See Attachment C.  The BIA acknowledged petitioner's withdrawal by decision dated May 29, 2002.  See Attachment D, Decision of the BIA dated May 29, 2002.  Petitioner then attempted to file a motion to reopen to the BIA, but by decision dated July 11, 2002, the BIA noted that since the appeal had been withdrawn by petitioner, any motion to reopen could properly be directed only to the Immigration Judge. See Attachment E, Decision of the BIA dated July 11,

---

[3] Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85.  The United States ratified the convention in 1994 and, in 1998, Congress passed legislation to implement the convention's requirement that "[n]o state ... expel, return ('refouler') or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture," id. art. 3, S 1.  Foreign Affairs Reform and Restructuring Act of  1998 § 2242, Pub.L. No. 105-277, 112 Stat. 2681- 761, -822 to -823 (1998) (codified at  8 U.S.C. § 1231 note (Supp. V 1999)).  See generally Foroglou v. Reno, et al., 241 F.3d 111 (1st Cir. 2001).

2002. The record does not reflect any subsequent filing of a motion to reopen to the Immigration Judge.[4]

### THE COURT'S LACK OF JURISDICTION

I.  THE COURT LACKS JURISDICTION TO REVIEW PETITIONER'S REMOVAL ORDER BECAUSE PETITIONER HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY 8 U.S.C. § 1252(d)(1).

To the extent that the petitioner's filing could be construed to challenge petitioner's final order of removal, the Court lacks subject matter jurisdiction because of petitioner's failure to satisfy the statutory exhaustion requirement of section 242(d)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(d)(1). Petitioner has failed to exhaust his administrative remedies with respect to challenge of his removal order because he withdrew his administrative appeal instead of pursuing and exhausting that avenue. See Attachments C and D.

> Section § 1252(d)(1) of Title 8, U.S.C., directs that:
>
> a court may review a final order of removal only if--
>
> (1) the alien has exhausted all administrative remedies available to the alien as of right   . . . .

In Sayyah v. Farquharson, --- F.3d --- (1st Cir. 2004) (2004 WL 1921824) the First Circuit held that an alien could

---

[4] Nor could any such filing have been timely as relating to the Immigration Judge's December 28, 2001, removal order. See 8 U.S.C. § 1229a(c)(6)(C)(i)(general rule that motions to reopen" shall be filed within 90 days of the date of entry of a final administrative order of removal.").

4

not maintain a habeas corpus action seeking review of issues that could have been but were not exhausted administratively. The Sayyah decision directly controls the instant case in that the First Circuit there declared "[w]e conclude that [8 U.S.C.] section 1252(d)'s exhaustion requirement applies generally to habeas corpus petitions. To hold otherwise would drastically limit the utilization of a salutary principle customarily applied in respect to administrative proceedings. Such an interpretation would allow an alien subjected to an adverse decision to reject the very administrative review processes established to correct mistakes and to insist, instead, upon immediate access to a federal court. Accordingly, we hold that section 1252(d)'s exhaustion requirement applies broadly to all forms of court review of final orders of removal, including habeas corpus." Sayyah v. Farquharson, 2004 WL 1921824 at *5.

Even construing the petitioner's filing as raising the complaint that "I wasn't afforded a fair hearing due to the bias that the Immigration Judge showed toward me", Motion for Emergency Withholding of Removal/Stay of Deportation, p.1, it is clear that such a claim could have been determined by the Board of Immigration Appeals had petitioner not withdrawn his appeal there. As the First Circuit has declared, "[t]he BIA has the authority to deal with [a petitioner's] objection to the events in [the Immigration Judge's] courtroom and provide relief". Sayyah v. Farquharson, 2004 WL 1921824 at *5, citing

5

Ravindran v. INS, 976 F.2d 754, 763 (1st Cir. 1992)(listing "judicial conduct" among "irregularities" that BIA could have corrected if brought to its attention."). Moreover, a petitioner's "waiver of his right to appeal to the BIA does not constitute exhaustion of the administrative remedies available to him as of right under section 1252(d)." Sayyah v. Farquharson, 2004 WL 1921824, at *5.

With respect to petitioner's assertions that "I am trying to vacate an illegal conviction . . . [and] should I be deported, it would render my effort at setting the record straight moot", Motion for Emergency Withholding of Removal/Stay of Deportation, p.1-2, it should be noted that petitioner's removal order is based upon his having remained in the United States longer than authorized, see Attachment B, not upon any of his criminal convictions.[5]

Concerning petitioner's assertion that his removal to Algeria "would put my life in imminent danger", Motion for Emergency Withholding of Removal/Stay of Deportation, p.1, this claim has already been heard and denied by an Immigration Judge after an evidentiary hearing in removal proceedings. See Attachment B. Petitioner could have exhausted this claim administratively at the BIA on appeal and, if he was not

---

[5] Nor is it self-evident that petitioner's removal from the United States in any way disables him as a matter of law from pursuing any vacation or other modification of his criminal records, which include 8 convictions for violation of the

6

successful there, could have then sought the statutorily prescribed judicial review of an adverse BIA determination at the First Circuit Court of Appeals.  8 U.S.C. § 1252(b)(2)(petition for review of removal order shall be filed with the court of appeals of the judicial circuit in which the immigration judge completed the proceedings).  However, his withdrawal of the BIA appeal is a failure to exhaust his administrative remedies to begin with that now bars habeas corpus review.  Sayyah v. Farquharson, 2004 WL 1921824, at *5.

**OPPOSITION TO STAY REQUEST**

II.   THE COURT SHOULD DENY THE REQUEST FOR STAY OF REMOVAL FOR FAILURE TO ESTABLISH ANY LIKELIHOOD OF SUCCESS ON THE MERITS OF THE PETITION.

In view of the fact that this Court lacks subject matter jurisdiction in habeas corpus proceedings to review claims that could have been but were not exhausted administratively, petitioner has failed to demonstrate a "likelihood of success on the merits" in the instant case, and the Court should deny the stay request.  See Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003)("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions"); Lancor v. Lebanon Hous. Auth., 760 F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the probability-of-success component in the past has been regarded

---

Massachusetts Abuse Prevention Act (M.G.L. c. 209A § 7),

by us as critical in determining the propriety of injunctive relief"); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits).

Accordingly, the Court should decline to enter any stay or injunction in this case, and should dismiss the action.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on October 13, 2004.

                                      s/Frank Crowley
                                      FRANK CROWLEY
                                      Special Assistant U.S. Attorney
                                      Department of Homeland Security
                                      P.O. Box 8728
                                      J.F.K. Station
                                      Boston, MA 02114

---

relating to petitioner's former spouse, Deborah A Sunderman.