UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ABDELAZIZ BENNOUR
A# 73-626-402 (pro se)
    petitioner

v.                                           C.A. No. 04-12149-MLW

BRUCE CHADBOURNE, et al.,
    Respondents.

Motion For Appointment of Pro Bono Counsel.

Now comes ABDELAZIZ BENNOUR, the pro-se litigation in the above-referenced civil action regarding his emergency withholding of removal / stay of deportation from the United States, who humbly and respectfully moves this honorable court, in the deliberation of this case, to consider appointing stand-by counsel (or any other type of representation as the honorable court may deem necessary) to provide urgently required legal assistance to the movant in relation to the following pleading currently before this honorable court, to be able to argue his due process claim.

practical consideration prompted firstly by the warning that "He who represents himself for a client or counsel in court of law is a fool", and secondly by the caveat stated by the authors of the "Prisoners Self-Help Litigation Manual" convincent the movant of the need to continue making attempts to secure suitably qualified legal representation.

"We recommend that all pro se litigants seek appointment of counsel ... even if you [feel that you] are not "unlettered" and think that you know the law pretty well, a lawyer can generally do a better job than a prisoner of conducting discoveries (especially deposition), negotiation a settlement of meritorious claims and performing the other difficult tasks of litigation, by virtue of experience, and of not being locked-up in [the Respondent's] custody.

For further consideration by this honorable court, the movant hereby states the following factors in support of this motion:

1) Totally qualified counsel can explain the applicable legal principals to the movant and limit litigation to potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered initiate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the Federal Government

(2)

For the Respondent.
(see Hingarion v. Watkins, 616 F.2d 795, 799 (5th Cir 1985)).

2) The petitioner is very limited in English and doesn't understand the law at all.

3) The petitioner has already, without success, to obtain pro bono legal representation from some of the advocacy groups participating in United States Immigration and Refugee Services Pro Bono Program.

4) The petitioner is nearly indigent and not gainfully employed. Therefore the petitioner's ability to effectively present his case is severely limited. This emphasizes the extent to which the movant requires assistance in presenting relevant facts of the two petitions mentioned above requesting review.

5) The petitioner is extremely in need of pro bono counsel because his issues, raises legal, procedural, administrative and constitutional issues of substance.

Wherefore the petitioner humbly and respectfully moves this Honorable Court to appoint pro bono counsel to assist him, and reschedule the matter.

(3)

Please note that the petitioner is in need of a interpreter Arabic Algerian speaking.

Thank you in anticipation to your [illegible]

                                        Respectfully submitted

Date: 10-20-04

                                          [illegible signature]
                                        #[illegible]
                                        Suffolk County H.O.C.
                                        20 Bradston St.
                                        Boston, MA 02118

Sworn to on this 20 day of Oct, in the year of 2004 [illegible]
[illegible]

(4)