UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ABDELAZIZ BENNOUR,                    )
                                      )
               Petitioner             )
                                      )        Civil Action No.
        v.                            )        04cv12149-MLW
                                      )
BRUCE CHADBOURNE, FIELD OFFICE        )
DIRECTOR, BUREAU OF IMMIGRATION       )
AND CUSTOMS ENFORCEMENT,              )
UNITED STATES DEPARTMENT OF           )
HOMELAND SECURITY                     )
                                      )
               Respondent[1]          )

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**SUMMARY STATEMENT**

By direction of the Court's Order dated October 26, 2004,
respondent files this Supplemental Memorandum of Law in
response to the new claims raised by petitioner in his Reply to
the Government Return/ Response/Motion to Dismiss Due to
Failure to Exhaust Administrative Remedy ("Petitioner's
Reply").

In short, the new claims also are barred from habeas
corpus review for lack of subject matter jurisdiction, because
they were subsumed in the July 11, 2002,[2] decision of the Board
of Immigration Appeals ("BIA"), judicial review of which

---

[1] The responsive official of the Department of Homeland
Security responsible for enforcement of petitioner's removal
order in the instant action is Bruce Chadbourne, Field Office
Director for Detention and Removal, Department of Homeland
Security, Bureau of Immigration and Customs Enforcement ("ICE")
in Boston, Massachusetts.

petitioner was required -- but failed -- to have pursued as statutorily provided at the First Circuit Court of Appeals.

In particular, petitioner in his Reply now raises the claim that, in fact, he never withdrew his appeal to the Board of Immigration Appeals ("BIA") as determined by the BIA in its May 29, 2002, disposition, and that therefore he never failed to exhaust his administrative remedies as required by 8 U.S.C. § 1252(d)(1).[3]  Because the BIA on July 11, 2002, denied the petitioner's motion to reopen the May 29, 2002, decision, and because petitioner says that in that motion to reopen he had advanced "all petitioner['s] effort to pro[ve] that he did not withdraw his appeal", Petitioner's Reply, pp. 1-2, petitioner was required to have petitioned for judicial review of the adverse BIA determination at the First Circuit Court of Appeals as directed by statute. 8 U.S.C. §§ 1252(b)(1), (2). See Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) ("Congress has explicitly provided that *noncriminal* aliens must seek review of deportation orders in the court of appeals for the judicial circuit in which the Immigration Court conducted the underlying proceedings. 8 U.S.C. § 1252(b)(2)." (Emphasis in original)).  Because petitioner abandoned his statutorily

---

[2] See BIA decision dated July 11, 2002, Attachment E to Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order.
[3] Petitioner also appears to raise the point that "the petitioner did not know [] the date he was going to be removed from the soil of the United States", Petitioner's Reply, p.2, though the relevance of this assertion is obscure.

prescribed and available avenue for judicial review of his BIA orders, habeas corpus review of those orders is unavailable. Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation . . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[ ].'").

In summary, this action now presents two main claims: First, petitioner's initial filing which asserts that petitioner's hearing was unfair as a matter of due process as a result of alleged bias of the Immigration Judge; and second, Petitioner's Reply which now adds that petitioner in fact never withdrew his BIA appeal as was found by the BIA.[4]

Neither claim is cognizable in habeas corpus proceedings because: 1) if petitioner *did* withdraw his appeal as determined by the BIA, he has failed to exhaust his administrative remedies and habeas corpus review is therefore barred under 8 U.S.C. § 1252(d) as held in Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004);[5] and 2) any challenge by petitioner to the BIA determination that petitioner withdrew his BIA appeal has

---

[4] See BIA decision dated May 29, 2002, Attachment D to Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order.

been forfeited by petitioner's failure to seek the statutorily
prescribed judicial review of the BIA's July 11, 2002, denial
of petitioner's motion to reopen, which he says encompassed
"all petitioner['s] effort to pro[ve] that he did not withdraw
his appeal." Petitioner's Reply, pp. 1-2.

In other words, petitioner in his motion to reopen the May
29, 2002, BIA decision argued the same set of facts to the BIA
over two years ago that he now seeks to advance again before
this Court.  However, when the BIA denied petitioner's motion
to reopen on July 11, 2002, petitioner was required to have
availed himself of the statutorily-prescribed judicial review
mechanism by filing a petition for review of that decision in
the First Circuit Court of Appeals within 30 days of the July
11, 2002, BIA decision. Petitioner, however, failed to seek
that judicial review.  As a consequence, petitioner's
abandonment of the statutorily prescribed judicial review
avenue now disentitles from applying to this Court for such
review.

**THE COURT'S LACK OF JURISDICTION**

With the recent filing of Petitioner's Reply, respondent
submits that there are now two main jurisdictional defenses to
this habeas corpus action. To the extent that the petitioner's
initial filing, Motion for Emergency Withholding of

---

[5] See Return and Memorandum of Law In Support of Motion to
Dismiss, Stay Opposition, and Notice of Intent to Execute
Removal Order, pp. 4-7.

Removal/Stay of Deportation, could be construed to substantively challenge the four corners of petitioner's final order of removal, respondent has already set out its position that the Court lacks subject matter jurisdiction because of petitioner's failure to satisfy the statutory administrative exhaustion requirement of section 242(d)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(d)(1).  Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order, pp. 4-7.

Petitioner's new claim lately made in Petitioner's Reply is to answer respondent's defense of failure to exhaust by now asserting that petitioner in fact never *did* withdraw his appeal to the BIA, and so cannot be said to have failed to exhaust that administrative avenue.  However, because petitioner asserts[6] also that he raised this factual assertion in a motion for reconsideration to the BIA, which was denied by the BIA on July 11, 2002,[7] petitioner could have and was required to have brought any challenge to that BIA denial decision to the First Circuit Court of Appeals two years ago on a petition for judicial review within 30 days of the BIA decision. 8 U.S.C. §§

---

[6] Petitioner's Reply, pp. 1-2.
[7] See Attachment E to Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order.

1231(b)(1), (2).[8] Therefore petitioner's failure to avail himself of the statutorily prescribed and available judicial review mechanisms for challenge to the BIA's determination that he had withdrawn his BIA appeal now disentitles him from seeking habeas corpus review of his claims, as set out below.

**ARGUMENT**

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION IN HABEAS CORPUS PROCEEDINGS TO REVIEW PETITIONER'S CLAIM THAT HE DID NOT FAIL TO EXHAUST ADMINISTRATIVE REMEDIES, BECAUSE PETITIONER HAS ABANDONED THE STATUTORILY PRESCRIBED AVENUE FOR JUDICIAL REVIEW TO THE FIRST CIRCUIT COURT OF APPEALS OF THE BIA'S ADVERSE RULING ON THAT ISSUE.

Petitioner was ordered removed from the United States as an alien nonimmigrant who had remained in the United States longer than authorized.  See generally Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order, pp. 2-4.  On May 29, 2002, the BIA determined that petitioner had voluntarily withdrawn his administrative appeal from the Immigration Judge's removal order, as provided in 8 C.F.R. § 3.4 (2002).[9] See Attachments, C and D to respondent's Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and

---

[8] See 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

[9] Now see 8 C.F.R. § 1003.4 (2004).  Regulations relating to Immigration Judges and the BIA were moved in 2003.  8 C.F.R.

Notice of Intent to Execute Removal Order.  Petitioner did not seek judicial review of this May 29, 2002, disposition of the BIA, but instead filed at the BIA a Motion to Reopen it which petitioner now says contained all his efforts "to pro[ve] that he did not withdraw his appeal." Petitioner's Reply, pp. 1-2. That motion to reopen was denied by the BIA by decision dated July 11, 2002. <u>See</u> Attachment E to respondent's Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order.

If petitioner did not accept that July 11, 2002, final disposition of his removal case by the BIA, petitioner's sole avenue for judicial review of his final removal order was to have petitioned for review of that order to the United States Court of Appeals for the First Circuit within 30 days of the entry of the BIA's July 11, 2002, final order.  8 U.S.C. §§ 1231(b)(1), (2).[10]  Petitioner was not ordered removed as a criminal alien,[11] and so he could have and was required to seek the available review as prescribed by Congress. <u>See</u> <u>generally</u> <u>Foroglou v. Reno</u>, 241 F.3d 111, 115 (1st Cir. 2001) (alien not

---

3.0 (cross-referencing new location of such regulations at 8 C.F.R. §§ 1003 et seq.).

[10] <u>See</u> 8 U.S.C. §§ 1252(b)(1) (directing that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal"), and 1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

subject to deportation on criminal basis has full access to Court of Appeals review); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) ("Congress has explicitly provided that *noncriminal* aliens must seek review of deportation orders in the court of appeals for the judicial circuit in which the Immigration Court conducted the underlying proceedings. 8 U.S.C. § 1252(b)(2)." (Emphasis in original)).

Where there is a statutorily prescribed avenue for judicial review of a removal order that petitioner has engaged, this Court lacks subject matter jurisdiction to entertain the instant habeas corpus petition. See Taniguchi v. Schultz, et al., 303 F.3d 950, 955 (9th Cir. 2002) (habeas corpus jurisdiction under section 2241 is unavailable in immigration case where there is another specific judicial review mechanism provided by statute).

Because petitioner has failed to pursue the statutorily prescribed avenue for judicial review of his BIA removal order, habeas review is barred by 8 U.S.C. § 1252(g).[12] Foroglou v.

---

[11] See generally 8 U.S.C. § 1252(a)(2)(C)(no circuit court jurisdiction to review criminally based removal orders, inter alia).

[12] Immigration and Nationality Act section 242(g), 8 U.S.C. § 1252(g):

"(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."

INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation . . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and observing that "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)"). Cf. Seale v. INS, 323 F.3d 150, 154 (1st Cir. 2003) ("[g]iven the strong arguments on both sides, it is by no means a clear call whether the district court possesses jurisdiction here.").

Moreover, it has been held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). See also Laing v. Ashcroft, 370 F.3d 994, 997

(9th Cir. 2004)(Ninth Circuit requiring "'as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241.'"(citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)). Cf. Theodoropoulos v. INS, 358 F.3d 162, 171 (2d Cir. 2004) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus.").

In Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004) the First Circuit examined the statutory requirement that an alien exhaust his administrative remedies before seeking judicial review. Respondent of course has relied on Sayyah in support of its jurisdictional defense to petitioner's initial filing in this action, which raised a fair hearing/due process challenge, inter alia. Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order, pp. 4-7.  However, Sayyah is also instructive as to whether a habeas court may assume subject matter jurisdiction where a petitioner could have pursued the statutorily prescribed judicial review process, but abandoned such review.

In Sayyah the First Circuit held that the statutory exhaustion requirement that barred judicial review applied also

to bar habeas corpus review.  As set out below, Sayyah
supports, at least by analogy, the respondent's position that
abandonment of statutorily provided review mechanisms is a
waiver of habeas review of claims that could have otherwise
been reviewed judicially. See also Arloo, Mattis, and Groccia,
supra.

     The Sayyah conclusion that habeas review was barred by
failure to exhaust administrative remedies reasoned that "[t]o
hold otherwise would drastically limit the utilization of a
salutary principle customarily applied in respect to
administrative proceedings. Such an interpretation would allow
an alien subjected to an adverse decision to reject the very
administrative review processes established to correct mistakes
and to insist, instead, upon immediate access to a federal
court. Accordingly, we hold that section 1252(d)'s exhaustion
requirement applies broadly to all forms of court review of
final orders of removal, including habeas corpus.)(footnote
omitted)." Sayyah v. Farquharson, 382 F.3d at 26 (emphasis in
original).

     The salient analogy from Sayyah to the instant case in
connection with petitioner's failure to seek judicial review as
prescribed by statute is that petitioner has rejected the very
judicial review process established by Congress for review of
removal orders at the court of appeals, and instead insisted on
his own choice of time, place, and forum for bringing his

judicial challenge to his removal order.  Essentially, then, an
assumption of subject matter jurisdiction in district court
habeas proceedings where the petitioner could have but failed
to seek the judicial review prescribed by Congress for review
of removal orders would effectively work a repeal of the 8
U.S.C. §§ 1252(b)(1) and (2) requirements.  Allowance of
subject matter jurisdiction under these circumstances would
also amount to a similarly "drastic[]" compromise of important
salutary principles that customarily inhere in the requirement
that statutorily provided judicial review must be pursued, not
as an election, but as a Congressionally mandated requirement.
Cf. Sayyah, id.

     By failing to pursue the statutorily prescribed and
available statutory judicial review provided by Congress for
review of his removal order, petitioner is now disentitled from
habeas corpus review of his BIA removal order, and the BIA's
July 11, 2004, motion to reopen denial.[13]

---

[13] Respondent draws the Court's attention to a case now pending
decision at the First Circuit which presents substantially the
same issue as the instant case insofar as it presents the
question whether a district court has subject matter
jurisdiction where a removable alien who failed to pursue
statutorily prescribed and available judicial review
nonetheless subsequently files a habeas corpus petition seeking
review of his removal order. In Rivera-Martinez v. Ashcroft,
No. 03-2032 (1st Cir. filed  2003), Judge Woodlock dismissed a
habeas corpus petition filed by an alien who could have but
failed to pursue judicial review of his removal order at the
First Circuit Court of Appeals as directed by 8 U.S.C. §
1252(b)(1) and (2). Rivera-Martinez v. Ashcroft et al.,
03cv10268-DPW (D. Mass. 2003).  The district court habeas
action was dismissed based upon the same arguments made in the

Accordingly, the Court should vacate its temporary stay of removal in this case, and should dismiss the action for lack of subject matter jurisdiction.

II.  THE COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS ACTION UNDER THE COMMAND OF INA SECTION 242(g).

Petitioner has moved the Court for "an emergency stay of deportation", which the Court has granted. However, under INA section 242(g),[14] 8 U.S.C. § 1252(g), "no court shall have jurisdiction to review any cause or claim . . . arising from the decision or action of the Attorney General to . . . execute removal orders against any alien . . .".  See generally Reno v. American-Arab Anti-Discrimination Committee et al., 525 U.S. 471, 483 (1999) ("AADC") ("[t]here was good reason for Congress to focus special attention on, and make special provision for, judicial review of the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing, [and] execut[ing] removal orders    . . . . [Because] [a]t each stage the Executive has discretion to abandon the endeavor . . . . Section 1252(g) seems clearly designed to give some measure of protection to 'no deferred

---

instant case, and the petitioner appealed that dismissal to the First Circuit.  The circuit case was heard at oral argument on June 10, 2004, and a decision is expected soon.
[14] INA section 242(g) provides:
(g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

action' and similar discretionary determinations, providing
that if they are reviewable at all, they at least will not be
made the bases for separate rounds of judicial intervention
outside the streamlined process that Congress has designed.").
(Emphasis added).

Under circumstances very similar to the instant case
involving an alien not barred from perfecting a petition for
review at the First Circuit, but who failed to seek such review
of his removal order and then filed a habeas action in the
district court, the First Circuit held where an alien "is not
being deported for criminal offenses and has had full access to
the [Circuit Court of Appeals] for direct review of orders
leading to his deportation", that "it is hard to view the
habeas petition as anything other than <u>an attempt, contrary to
[INA] section 242(g) [8 U.S.C. § 1252(g)] to prevent the
Attorney General from 'execut[ing] [a] [removal order[].'"</u>
<u>Foroglou</u> 241 F.3d at 115 (emphasis added).

This is petitioner's case exactly, because he had direct
access to the circuit court for review of his BIA orders, but
failed to seek such judicial review.  Accordingly, this Court
lacks subject matter jurisdiction to "hear any cause or claim
. . . arising from the decision [of respondent] to . . .
execute [a] removal order[]", and thus section 1252(g) operates
also to divest the Court of jurisdiction to stay removal.
<u>AADC</u>, <u>Foroglou</u>, <u>supra</u>.

14

III. EVEN IF SUBJECT MATTER JURISDICTION FOR HABEAS CORPUS
     REVIEW WERE NOT OTHERWISE BARRED, THE PETITIONER FAILS TO
     STATE ANY CLAIM OF ERROR WITHIN THE SCOPE OF HABEAS CORPUS
     REVIEW.

This Court lacks subject matter jurisdiction because
petitioner has failed to exhaust administrative remedies and
failed to pursue the statutorily prescribed judicial review for
his removal order. <u>See</u> ARGUMENT, Parts I and II, <u>supra</u>.

However, even if habeas review were not so barred, habeas
corpus review of removal orders, where it exists, exists only
for pure issues of law, not for review of administrative
factual determinations. <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st
Cir. 2002) ("[f]ederal courts therefore retain subject matter
jurisdiction over habeas petitions brought by aliens facing
removal to the extent those petitions are based on colorable
claims of legal error, that is, colorable claims that an
alien's statutory or constitutional rights have been
violated."); <u>Diosa-Ortiz v. Ashcroft</u>, 334 F.Supp.2d 27, 31 (D.
Mass. 2004) (Saris, D.J.)(appeal filed Aug. 26, 2004, No. 04-
2141 (1st Cir.))(habeas petitioner's challenge to
administrative fact-finding as clearly erroneous rejected by
district court as "vastly different from what the habeas
statute plainly provides: review for statutory or
constitutional errors", <u>citing</u> <u>Sol v. INS</u>, 274 F.3d 648, 651
(2d Cir. 2001)); <u>Lopez v. Ashcroft</u>, 267 F.Supp.2d 150, 153 (D.
Mass. 2003) (Young, C.J.) (Court holding that where a "fact-
intensive review" of a legal determination "demands an

extensive factual inquiry", that "the Court does not possess habeas jurisdiction in th[e] case.").

Petitioner's filings, however, invite the habeas Court to conduct just such a re-examination of the administrative fact-finding. Petitioner in his initial filing, Motion for Emergency Withholding of Removal/Stay of Deportation, p. 1, re-asserts his claim that he should not be returned to Algeria, a factually-based relief claim already determined against him on the evidence by the Immigration Judge after petitioner's evidentiary removal hearing. See Attachment B to respondent's Return and Memorandum of Law In Support of Motion to Dismiss, Stay Opposition, and Notice of Intent to Execute Removal Order. Likewise, petitioner's claim of bias and unfair hearing are fact-based complaints that, although they could have been addressed on appeal to the BIA had petitioner not withdrawn his appeal there,[15] are not cognizable in any otherwise available habeas corpus review for pure issues of law.

Nor, even if examined arguendo as an otherwise cognizable procedural due process claim, are the petitioner's claims tenable.  Petitioner has failed to allege, much less demonstrate as is his burden, any prejudice flowing from any assumed error in the BIA's determination that petitioner had

---

[15] Again, petitioner's recent dispute that he never *did* withdraw his BIA appeal is not cognizable in any otherwise available habeas review because he failed to seek the statutorily prescribed judicial review of the contrary BIA determination to the First Circuit Court of Appeals.

withdrawn his appeal.  Even assuming contrary to the record
that the BIA's determination that petitioner's appeal was
withdrawn was erroneous, petitioner in the end is required to
demonstrate that his loss of BIA appellate review prejudiced
him, in the sense that had his BIA appeal reached a conclusion,
it is probable the Immigration Judge's removal order would have
been overturned by the BIA.

Because petitioner does not dispute his substantive
removability (i.e., that he was correctly found to have
remained in the United States longer than authorized), but
complains only that he was denied the administrative reliefs
from removal that he applied for, any due process analysis of
his claim is reduced to petitioner's failure to establish that
the BIA would have reversed the Immigration Judge's denial[16] of
those reliefs.  See e.g. Hossain v. Ashcroft, --- F.3d --- (1st
Cir 2004) (2004 WL 1852945, *2)("We agree that a due process
claim cannot succeed if there is no prejudice; without
prejudice, any error that occurred would be harmless."); 
Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999)("[T]he
applicant claiming a denial of due process must generally show
prejudice.").

The First Circuit lately has also closely scrutinized due
process attacks on removal orders. Hernandez v. Reno, 238 F.3d

---

[16] See Attachment B to respondent's Return and Memorandum of
Law In Support of Motion to Dismiss, Stay Opposition, and
Notice of Intent to Execute Removal Order.

50, 57 (1st Cir. 2001)(court observing in ineffective assistance of counsel due process claim, "[o]ur concern in the immigration context is not with the Sixth Amendment but with preserving a fair opportunity to have a waiver claim considered; it does not include an opportunity to tie up deportation proceedings in knots through collateral attacks on defects that would not plausibly have altered the result."). The First Circuit in Hernandez characterized the alien's request for a judicial stay to pursue his untimely motion to reopen at the BIA, and the alien's request to the Federal courts to vacate the deportation order, as "not due process but overkill of the kind that has led Congress increasingly to limit judicial review and to abolish waivers even for those who may fully deserve them." Hernandez, 238 F.3d at 57.

Moreover, even assuming petitioner were not barred from raising his claim that the BIA erroneously determined he had withdrawn his appeal, and even assuming that that determination of the BIA was in error, it does not automatically amount to a violation of due process.  In Betouche v. Ashcroft, 357 F.3d 147 (1st Cir. 2004) the due process claim was that allegedly ineffective counsel for the alien petitioner filed the appeal from an Immigration Judge's order denying a petitioner's asylum application late, and then deliberately concealed from petitioner the subsequent dismissal of the appeal for untimeliness by Board of Immigration Appeals for more than

three years, and so effectively denied the petitioner his opportunity to have perfected a timely filing for judicial review at the First Circuit Court of Appeals.

The First Circuit reasoned, inter alia, that even if petitioner had properly perfected the administrative procedure for properly raising and exhausting an ineffective assistance of counsel claim, "he would have had the burden to establish <u>at least a reasonable probability of prejudice</u> resulting from his former attorney's failure to bring a timely appeal from the final deportation order." <u>Betouche</u>, n.8., p. 151 (emphasis added). In this important regard, the First Circuit in <u>Betouche</u> declared: "Counsel's failure to prosecute an immigration appeal -- even if negligent -- does not constitute prejudice per se." <u>Id</u>.

The instant petitioner's situation is the same. Even assuming arguendo that an unauthorized letter of withdrawal bearing petitioner's signature and mailed from the place of his incarceration somehow found its way to the BIA and was credited there as effecting withdrawal of the BIA appeal, it "does not constitute prejudice per se." <u>Betouche v. Ashcroft</u>, 357 F.3d at 151 n.8. Nor does petitioner otherwise demonstrate had his appeal reached a merits determination at the BIA, that in all reasonable probability the BIA would have reversed the decision of the Immigration Judge and granted petitioner relief.

Accordingly, the petition should be dismissed for failure to state any "colorable claims of legal error" within the cognizable scope of habeas corpus review, <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002), and for lack of subject matter jurisdiction as to review of his removal order.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  <u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on November 1, 2004.

<u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

20