UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDELAZIZ BENNOUR, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 04cv12149-MLW |
| ) | |
| BRUCE CHADBOURNE, FIELD OFFICE ) | |
| DIRECTOR, BUREAU OF IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY ) | |
| ) | |
| Respondent[1] ) | |

REPORT TO COURT AND SECOND SUPPLEMENTAL MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS

Respondent seeks leave of Court to file this second supplemental memorandum of law, to report that the First Circuit Court of Appeals has now decided Rivera-Martinez v. Ashcroft, --- F.3d --- (1st Cir. 2004) (2004 WL 2474417).

In Rivera-Martinez v. Ashcroft, --- F.3d --- (1st Cir. 2004) (2004 WL 2474417), the First Circuit affirmed a district court dismissal of a habeas petition seeking to challenge a removal order. The alien habeas petitioner was not statutorily barred from seeking the statutorily prescribed direct view at the circuit court of appeals, but abandoned that avenue and instead attempted to seek review of his removal order in habeas corpus proceedings before the district court.

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland

The district court dismissed the petition on the basis that petitioner was required to have availed himself of the statutorily prescribed direct review at the circuit court by filing a petition for review there within 30 days of the date of entry of his final order of removal. The district court reasoned that "because there exists a specific statutory review process for such claims, there is no basis to invoke habeas corpus jurisdiction to provide a duplicative review process or vary that which Congress has provided", and that the petitioner "may not escape the limitations period Congress has established for the route to judicial review by seeking to develop in a leisurely manner an alternative path that Congress has not authorized." Rivera-Martinez v. Ashcroft, supra, quoting district court's Memorandum and Order dated April 30, 2003, Rivera-Martinez v. Ashcroft, No. 03cv10268-DPW (D. Mass. 2003).

The First Circuit in Rivera-Martinez affirmed the district court habeas dismissal, holding that an alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, had "procedurally defaulted" on his claim so as to make habeas corpus review of that same claim unavailable. Rivera-Martinez v. Ashcroft, supra.

The circuit court's Rivera-Martinez decision declared that because the petitioner had filed a petition for writ of habeas

---

Security, Bureau of Immigration and Customs Enforcement ("ICE")

corpus instead of filing a petition for statutorily prescribed direct review at the circuit court, "this is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review." Id.

The First Circuit noted that it had "previously recognized that principles of procedural default apply in the immigration law context", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000), abrogated on other grounds, 533 U.S. 289 (2001), and that "we see no reason to doubt the correctness of the district court's decision to apply those principles to reject Rivera's petition." Rivera-Martinez v. Ashcroft, supra. Accordingly, the First Circuit affirmed the district court's dismissal of the habeas corpus petition on a procedural default analysis.

Respondent submits that Rivera-Martinez v. Ashcroft, supra, is controlling in the instant case. As respondent has argued in its Supplemental Memorandum of Law in Support of Motion to Dismiss: either 1) petitioner's withdrawal of his BIA appeal from the removal order is a failure to exhaust administrative remedies under Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004) that bars habeas corpus jurisdiction; or 2) petitioner's present challenge to the BIA's determination

---

in Boston, Massachusetts.

that he *did* withdraw his appeal has been "procedurally defaulted" under Rivera-Martinez v. Ashcroft, supra, as a result of petitioner's failure to seek direct statutory review at the First Circuit Court of Appeals of either of the two BIA decisions in his case that comprehend the withdrawal determination.  See Supplemental Memorandum of Law in Support of Motion to Dismiss, pp. 6-13.

Accordingly, based on the above and respondent's previous submissions, the Court should dismiss this action and deny all relief requested because petitioner has either failed to exhaust administrative remedies as required by statute, see Sayyah, supra, or he has procedurally defaulted in his claim that he has *not* failed to exhaust administrative remedies, see Rivera-Martinez v. Ashcroft, supra.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on November 5, 2004.

                        s/Frank Crowley
                        FRANK CROWLEY
                        Special Assistant U.S. Attorney
                        Department of Homeland Security
                        P.O. Box 8728
                        J.F.K. Station
                        Boston, MA 02114