UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDELAZIZ BENNOUR,  )<br>   Petitioner )<br>       )<br>v.       )<br>BRUCE CHADBOURNE, FIELD OFFICE  )<br>DIRECTOR, BUREAU OF )<br>IMMIGRATION AND CUSTOMS )<br>ENFORCEMENT, UNITED STATES )<br>DEPARTMENT OF HOMELAND )<br>SECURITY    )<br>   Respondent )  | Civil No. 04-CV-12149-MLW |

**Petitioner's Memorandum In Response to Respondent's
Supplemental Memorandum and Second Supplemental
Memorandum in Support of Motion to Dismiss**

I. Introduction

Pursuant to the Court's order of October 26, 2004, the Petitioner hereby responds to the Respondent's two supplemental memoranda filed in support of its motion to dismiss. In its memoranda, the Respondent contends that the Petitioner's habeas corpus petition must be dismissed because (1) he withdrew his appeal to the BIA, he has therefore failed to exhaust his administrative remedies under Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir.2004), and habeas corpus review is therefore barred under 8 U.S.C. §1252(d), and/or (2) the Petitioner's present challenge to the BIA's determination that he did withdraw his appeal has been "procedurally defaulted" under Rivera-Martinez v. Ashcroft, 2004 WL 2474417 (1st Cir.2004), because he failed to appeal such denial to the First Circuit Court of Appeals within 30 days of said denial, as prescribed by 8 U.S.C. §§1252(b)(1), (2). (See, e.g., Respondent's Report to Court and Second Supplemental

1

Memorandum at 3-4). The Petitioner respectfully suggests herein that the Respondent is incorrect on both fronts and this Court possesses the authority to consider the Petitioner's request for this Court to reinstate his appeal to the BIA, should the Court ultimately conclude, after the scheduled evidentiary hearing, that the Petitioner did not in fact withdraw his BIA appeal.

II.  <u>The Petitioner does not seek review of a "final order of removal", but rather review of an order withdrawing the Petitioner's appeal to the BIA based upon a fraudulent submission to the BIA, and Sayyah, Rivera-Martinez and §§1252(b)(1) and (2) therefore do not control here</u>.

The Respondent contends that Petitioner was required to have petitioned for judicial review of the "adverse BIA determination" at the First Circuit Court of Appeals as directed by the purported controlling statute, 8 U.S.C. §§1252(b)(1), (2). (Supplemental Memorandum at 2). The "adverse BIA determination" referred to by the Respondent is a July 11, 2002 order from the BIA, wherein the BIA found that it had no jurisdiction over the Petitioner's motion to reopen because the appeal had been withdrawn and the record had been returned to the Immigration Court. (<u>See</u> Attachment E to Respondent's Return and Memorandum of Law In Support of Motion to Dismiss). The Respondent also cites <u>Vasquez v. Reno</u>, 233 F.3d 688, 696 (1st Cir. 2000), for the proposition that "Congress has explicitly provided that noncriminal aliens must seek review of <u>deportation orders</u> in the court of appeals for the judicial circuit in which the Immigration Court conducted the underlying proceedings." (Supplemental Memorandum at 8) (emphasis added).

The point glossed over by the Respondent, however, is that the Petitioner does not seek herein for the Court to review any "deportation order" or "final order of removal", but, rather, seeks review of the BIA's order withdrawing the Petitioner's appeal of the

2

Immigration Judge's removal order, which the Petitioner contends was withdrawn without his authorization or knowledge, and pursuant to the fraudulent act of some third party. The statute cited and relied upon by the Respondent, 8 U.S.C. §§1252(b)(1), (2), refers only to judicial review of "a final order of removal." Stated simply, the Petitioner only seeks review of the order withdrawing the Petitioner's BIA appeal, which the Petitioner contends was the product of a fraudulent submission to the BIA.[1]

Clearly, the Petitioner is entitled to certain due process protections in his deportation proceeding. The First Circuit has recognized that, while no "Sixth Amendment right to counsel is involved in deportation proceedings because they are civil and not criminal . . . there is a due process violation if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Bernal-Vallejo v. INS, 195 F.3d 56, 63 (1st Cir.1999); see Hernandez v. Reno, 238 F.3d 50, 55 (1st Cir.2001) ("We have said that a process becomes fundamentally unfair when the alien is prevented from reasonably presenting his case"). Clearly, if the Petitioner's BIA appeal has been withdrawn based upon a false and unauthorized submission to the BIA, then the Petitioner's due process right to a fundamentally fair deportation proceeding has been violated. As such, the Court should proceed with the evidentiary hearing scheduled for November 15, 2004, such that the Court can determine whether it was the Petitioner who actually withdrew his BIA appeal.

Hossain v. Ashcroft, 381 F.3d 29 (1st Cir.2004), is a case of comparative value. In

---

[1]. The Court has scheduled an evidentiary hearing on this issue for November 15, 2004, and the Petitioner is prepared to testify before the Court, as well as present documentary evidence supporting his position that he did not withdraw his appeal, including the fact that he did in fact file an appeal that was received by the BIA on or about May 21, 2002, only eleven days after he allegedly withdrawn his appeal. Certainly, it is curious to suggest that the Petitioner withdrew his appeal in a filing dated May 10, 2002, yet actually filed his appeal on or about May 13, 2002, which was received by the BIA on May 21, 2002.

that case, Hossain failed to file a brief with the BIA because the BIA sent the briefing schedule to an incorrect address for his attorney. The BIA denied Hossain's appeal despite never receiving a brief from Hossain's counsel, Hossain filed a motion for reconsideration, which was denied, and he then sought review of the denial of the motion for reconsideration with the First Circuit Court of Appeals. In vacating the BIA's denial of the motion for reconsideration and remanding the matter to the BIA such that Hossain could file his brief, the First Circuit rejected the government's argument that "despite the BIA's mailing error and violation of the BIA rules, its decision ought to be affirmed because there [was] no denial of due process as Hossain has been unable to show that he suffered any prejudice from the error." Hossain, 381 F.3d at 32. After agreeing that a due process claim cannot succeed if there is no prejudice, because without prejudice any error that occurred would be harmless, the Court noted that "[p]rejudice could easily (but not inevitably) be found in a case where an alien's appeal was dismissed merely because of his failure to file a brief." Hossain, 381 F.3d at 32, citing Amarjit Singh v. Ashcroft, 367 F.3d 1182, 1189 (9th Cir.2004) (presuming prejudice where alien's claim was summarily dismissed because his lawyer did not file a brief). Ultimately, the First Circuit held that the "government's lack of prejudice argument founders on the point that Hossain never had a chance to show prejudice due to the BIA's own error" because his counsel never filed a brief on his behalf and his counsel still had not received a copy of the hearing transcript when he filed the motion for reconsideration. Hossain, 381 F.3d at 32. The First Circuit held that "[b]asic fairness requires that Hossain, now that he apparently has a copy of the transcript, be given the opportunity to argue in a renewed motion for reconsideration that he was prejudiced by his inability to file a brief with the BIA", and

that the BIA was free to decide whether Hossain was prejudiced by his inability to file a brief or otherwise should be permitted reconsideration." Hossain, 381 F.3d at 33. [2]

Like Hossain, basic fairness requires that the Petitioner in this case be able to file his brief with the BIA—should this Court ultimately conclude, after the evidentiary hearing, that the signature on the withdrawal letter filed with the BIA is not an authentic signature voluntarily affixed to the document by the Petitioner, but rather is the product of some third party's fraudulent act. Indeed, in Hossain, the First Circuit remanded despite the fact that the BIA in that case appeared to "have at least nominally considered Hossain's case on the merits despite the absence of a brief from him." Hossain, 381 F.3d at 32. Here, the Petitioner was prevented from having the BIA even nominally review his matter because the appeal was withdrawn without his permission or knowledge.

Finally, the Petitioner respectfully suggests that the Respondent has mistakenly relied upon Sayyah v. Farquharson, 382 F.3d 20 (1st Cir.2004), and Rivera-Martinez v. Ashcroft, 2004 WL 2474417 (1st Cir.2004), to support its arguments. In the former case, after Immigration Judge Ragno reinstated Sayyah's order of removal and provided Sayyah with a full right to appeal to the BIA, Sayyah voluntarily chose not to appeal, purportedly because he feared being before Judge Ragno again. Sayyah, 382 F.3d at 23. As such, the First Circuit concluded that Sayyah did not exhaust the administrative remedies available to him as of right under section 1252(d)(1) and it therefore affirmed the dismissal of his due process claim. Sayyah, 382 F.3d at 27-29. In the case at bar, the Petitioner never voluntarily chose to forgo any appeal. To the contrary, he contends that his appellate process was stripped from him without his knowledge, input or permission

---

[2]. Indeed, the Court vacated the denial in Hossain despite the fact that Hossain's counsel "let the matter lie for over four years without making any inquiry to the BIA."

5

by the fraudulent act of some third party. The facts of Sayyah are clearly distinguishable and render its legal holding inapposite.

Likewise, the First Circuit's recent decision in Rivera-Martinez v. Ashcroft, 2004 WL 2474417 (1st Cir.2004), does not preclude this Court's consideration of the Petitioner's present petition. In that case, nearly eight months after the BIA summarily affirmed the Immigration Judge's order of removal, Rivera filed in the district court a petition for a writ of habeas corpus. Rivera-Martinez, 2004 WL 2474417, *1. The First Circuit affirmed the district court's dismissal of Rivera-Martinez' habeas petition, adopting the district court's conclusion that Rivera procedurally defaulted and he could not use 28 U.S.C. §2241 to pursue a claim he could have, but did not, press on statutory direct review. Rivera-Martinez, 2004 WL 2474417, *2. The First Circuit held that it was "a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review." Rivera-Martinez, 2004 WL 2474417, *2. Again, in Rivera-Martinez, unlike this case, the BIA affirmed the IJ's order of removal and, as such, there was a final "order of removal" at issue in Rivera-Martinez' petition to the district court. In this case, the Petitioner has not invoked habeas jurisdiction to contest any final order of removal, but, rather, an order withdrawing his BIA appeal. As such, Rivera-Martinez is not controlling.

III.    Conclusion

For all of the foregoing reasons, the Petitioner respectfully suggests that the Court should convene the scheduled evidentiary hearing to determine whether the Petitioner actually withdrew his BIA appeal.

6

                        Respectfully Submitted,
                        The Petitioner,
                        By His Attorney,

                        _____
                        Robert M. Goldstein
                        Mass. Bar No. 630584
                        114 State Street
                        Boston, MA  02109
                        (617) 742-9015

Dated: November 9, 2004

## **CERTIFICATE OF SERVICE**

    I, Robert M. Goldstein, hereby certify that on this 9th day of November, 2004, I have served one copy of the foregoing Notice of Appearance, by electronic filing, upon Frank Crowley, Special Assistant U.S. Attorney, Department of Homeland Security.

                        _____
                        Robert M. Goldstein