UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDELAZIZ BENNOUR, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 04cv12149-MLW |
| ) | |
| BRUCE CHADBOURNE, FIELD OFFICE ) | |
| DIRECTOR, BUREAU OF IMMIGRATION ) | |
| AND CUSTOMS ENFORCEMENT, ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY ) | |
| ) | |
| Respondent[1] ) | |

THIRD SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Respondent seeks leave of Court to submit this supplemental memorandum of law in reply to Petitioner's Memorandum In Response to Respondent's Supplemental Memorandum and Second Supplemental memorandum in Support of Motion to Dismiss ("Petitioner's Response Memorandum").

Petitioner's Response Memorandum addresses respondent's motion to dismiss and supporting memoranda by raising essentially a single defense, viz., that petitioner really is not challenging his removal order at all, and merely "seeks review of the BIA's order withdrawing the Petitioner's appeal of the Immigration Judge's removal order". Petitioner's

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

Response Memorandum, pp. 2-3.  For the reasons set out below the argument is patently specious and fails to answer the controlling First Circuit authorities of Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004) and Rivera-Martinez v. Ashcroft, --- F.3d --- (1st Cir. 2004) (2004 WL 2474417).

The Decision of the Board of Immigration Appeals ("BIA") dated May 29, 2002, stating that petitioner's appeal had been withdrawn, had the effect of rendering the Immigration Judge's removal order the final administrative order of removal.  8 C.F.R. § 1003.4 (2004)(where appeal to BIA is withdrawn, "the initial decision shall be final to the same extent as if no appeal had been taken.").  Petitioner challenges that BIA withdrawal determination as erroneous,[2] and asserts the factual claim that he never did withdraw his appeal to the BIA, and that, "petitioner's due process right to a fundamentally fair deportation proceedings has been violated." Petitioner's

---

[2] Petitioner submits that it is "curious" that petitioner would withdraw his appeal by letter dated May 10, 2002, and yet "filed his appeal on or about May 13, 2002." Petitioner's Response Memorandum, p.3 n.1. It would be even more curious if petitioner had indeed filed his appeal on May 13, 2002, as now asserted, because an appeal from the decision of an Immigration Judge ("IJ") is required to be filed within 30 days of the IJ's decision.  8 C.F.R. § 1003.38(b)(2004)(notice of appeal from decision of an Immigration Judge "shall be filed directly with the Board of Immigration Appeals within 30 calendar days after the stating of an Immigration Judge's oral decision."). Petitioner's appeal from the IJ's December 28, 2001, removal order was required to have been received at the BIA within 30 days from that date.  Despite petitioner's surprising assertions suggesting an untimely BIA appeal, respondent does not dispute that petitioner's BIA appeal from his December 28, 2001, removal order was timely filed.

2

Response Memorandum, p.3.  Significantly, petitioner has sought and been granted by this Court a stay of execution of his removal order necessitating cancellation of scheduled removal arrangements at the 11th-hour, and over 2 years after the BIA's July 11, 2002, decision in his case.  For petitioner now to attempt to answer the clear jurisdictional bars to habeas corpus review of his case by the legerdemain of claiming that he's not seeking review of his *removal order*, but just the antecedent BIA determination that created that order, is at least, disingenuous.

At any rate, at least where statutory direct review is available, review of subsidiary legal or factual determinations in administrative removal proceedings is available only in the statutorily-prescribed direct review procedure of removal orders at the circuit court of appeals under the statutory command of Immigration and Nationality Act ("INA") section 242(b)(9), 8 U.S.C. § 1252(b)(9) (judicial review of all questions of law and fact arising in a removal proceeding is available only by review of a final order of removal in accordance with the provisions of 8 U.S.C. § 1252).[3]  Cf. St.

---

[3] INA section 242(b)(9), 8 U.S.C. § 1252(b)(9):

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in the judicial review of a final order under this section.

Cyr. v. INS, 533 U.S. 289, 313 (2001)("this provision, by its own terms, does not bar habeas jurisdiction over removal orders *not* subject to judicial review under § 1252(a)(1)".)(Emphasis in original).

By construction of a rhetorical straw premise petitioner seeks to evade the clearly expressed jurisdictional bars to habeas corpus review contained in Sayyah v. Farquharson, 382 F.3d 20, 26 (1st Cir. 2004) and Rivera-Martinez v. Ashcroft, --- F.3d --- (1st Cir. 2004) (2004 WL 2474417), denying that he seeks review of his "removal order". The fact is, though, that petitioner says he doesn't want to be removed, says that there was a denial of due process in his removal proceedings, and has therefore sought and obtained a TRO from this Court against execution of his removal order. Moreover, although petitioner nonetheless blithely denies the character of his habeas case as an action challenging his "removal order", it is doubtful that petitioner would concede the logical consequences of his stated position that he is *not* seeking to challenge his removal order, viz., that he would concede that since he is not challenging his removal order there is no need of the Court's order staying execution of the removal order and that respondent ought to be able to execute that order forthwith.

4

Either petitioner failed to exhaust administrative remedies or he did not. If petitioner withdrew his appeal as the BIA has determined, then Sayyah bars him from maintaining this habeas action for failure to exhaust administrative remedies as required by 8 U.S.C. § 1252(d).

If petitioner persists in claiming that he never *did* withdraw his BIA appeal, then he has administratively exhausted that claim by his motion to reopen to the BIA challenging the BIA's May 29, 2002, determination that he did withdraw the appeal. But because petitioner never sought the statutorily prescribed direct review at the First Circuit of the BIA's July 11, 2002, denial of his motion to reopen, in which he says he had advanced "all petitioner['s] effort to pro[ve] that he did not withdraw his appeal", Petitioner's Reply, pp. 1-2, petitioner has procedurally defaulted and cannot "attempt[] to use habeas to resurrect a claim that could have been and should have been presented on direct review" years ago. Rivera-Martinez v. Ashcroft, --- F.3d --- (1st Cir. 2004) (2004 WL 2474417, *2).

Petitioner's attempts to distinguish Rivera-Martinez v. Ashcroft, supra, are unavailing. Petitioner asserts the distinction is that "[i]n this case, the Petitioner has not invoked habeas jurisdiction to contest any final order of removal, but, rather, an order withdrawing his BIA appeal." Petitioner's Response Memorandum, p.6. This transparent

5

sophistry of course conveniently omits mention that petitioner *did* proceed to challenge that May 29, 2002, BIA order administratively by filing his motion to reopen which he said contained all his efforts at arguing to the BIA that he had not withdrawn his BIA appeal -- but then procedurally defaulted by failing to seek the statutorily prescribed and available judicial review of the BIA's July 11, 2002, denial of his motion to reopen. See e.g. Stone v. INS, 514 U.S. 386, 405-6 (1995)(deportation order is final and reviewable as statutorily provided when issued, though denial of motion to reopen/reconsider is also reviewable by statute).

　　Therefore, rather than distinguishing his case as he claims, the complete administrative history including as it does the BIA's July 11, 2002, motion to reopen denial, makes plain the procedural default that places petitioner's case on all fours with the holding in Rivera-Martinez v. Ashcroft, supra: "[T]his is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review." Id.

　　 Petitioner's citation of Hossain v. Ashcroft, 381 F.3d 29 (1st Cir. 2004) as a case of "comparative value", however, hits the mark exactly, Petitioner's Response Memorandum, p.3, even though petitioner misses the point of Hossain completely. Like the petitioner in Hossain, the instant petitioner alleged a due process violation connected with the administrative appeals

6

process.  Like the petitioner in Hossain, the instant petitioner exhausted the administrative process to correct the alleged violation by filing a motion for reconsideration[4] at the BIA, which was denied.  However, the reason we even *have* a decision in Hossain to cite, discuss, and examine is that the petitioner in that case -- unlike the instant petitioner -- *did* comply with the statutorily-prescribed judicial review at the First Circuit Court of Appeals instead of abandoning that avenue and procedurally defaulting.

    By drawing parallels to Hossain as a case that stands for the same result petitioner seeks, petitioner at the same time necessarily concedes Hossain as authority for the viability of the statutorily-prescribed direct review process from which petitioner has procedurally defaulted. If Hossain is authority for the proposition that the same type of alleged procedural due process violation suffered by petitioner is correctable by the First Circuit on direct review, Hossain is also authority that, by failing to avail himself of that direct review process by petitioning for review of the BIA's July 11, 2002, motion

---

[4] Petitioner's motion to the BIA was denominated as a motion to reopen, but insofar as petitioner says the motion sought to alert the BIA to an allegedly erroneous factual premise in its May 29, 2002, decision regarding the withdrawal of his BIA appeal, it was in that respect in essence a motion to reconsider.  See Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003)("[t]he purpose of a motion to reconsider is not to raise new facts, but to demonstrate that the BIA erred as a matter of law or fact.").

7

denial, petitioner has procedurally defaulted under Rivera-Martinez v. Ashcroft, supra.

In the end, petitioner seeks an evidentiary hearing in habeas corpus proceedings on a factual claim that he acknowledges he has already exhausted administratively by motion to the BIA.[5] However, petitioner's failure to pursue direct review at the First Circuit of the BIA's July 11, 2002, motion denial is a procedural default that eliminates 28 U.S.C. § 2241 as a vehicle "to pursue a claim that he could have, but did not, press on statutory direct review." Rivera-Martinez v. Ashcroft, 2004 WL 2474417 at *2.

Accordingly, because "this is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review", Rivera-Martinez v. Ashcroft, 2004 WL 2474417 at *2, the Court should dismiss this action as procedurally defaulted.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

---

[5] With respect to the BIA's July 11, 2002, motion denial, petitioner says he had advanced "all petitioner['s] effort to pro[ve] that he did not withdraw his appeal". Petitioner's Reply, pp. 1-2,

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on November 12, 2004.

                                s/Frank Crowley
                                FRANK CROWLEY
                                Special Assistant U.S. Attorney
                                Department of Homeland Security
                                P.O. Box 8728
                                J.F.K. Station
                                Boston, MA 02114