

**U.S. Department of Justice**
Immigration and Naturalization Service

District Counsel's Office
JFK Federal Building
Room 425
Government Center
Boston, Massachusetts
02203

**BOARD OF IMMIGRATION APPEALS
CLERK'S OFFICE
5201 LEESBURG PIKE
SUITE 1300
FALLS CHURCH, VA 22041**

April 18, 2002

RE:  BENNOUR, Abdelaziz               **DETAINED ALIEN**
     A73 626 402

**BY FEDERAL EXPRESS**
TRACKING NUMBER  8330 2934 0840

Dear Clerk's Office:

   Please find attached a copy of the Immigration and Naturalization Service's timely filed brief in support of the decision of the Immigration Judge in the above referenced case.

   Thank you for your assistance in this matter.

Sincerely,

John M. Furlong Jr.
Assistant District Counsel
Immigration & Naturalization Service
J.F.K. Federal Building - Room 425
Boston, MA 02203

John M. Furlong Jr.  
Assistant District Counsel  
Immigration and Naturalization Service  
J.F.K. Federal Building – Room 425  
Boston, Massachusetts 02203

**DETAINED ALIEN**

UNITED STATES DEPARTMENT OF JUSTICE  
EXECUTIVE OFFICE OF IMMIGRATION REVIEW  
BOARD OF IMMIGRATION APPEALS

In the Matter of: )
)
**BENNOUR, Abdelaziz** )    File No. A73 626 402
)
In Removal Proceedings )
)

**BRIEF OF THE IMMIGRATION AND NATURALIZATION SERVICE  
IN SUPPORT OF THE DECISION OF THE IMMIGRATION JUDGE**

## STATEMENT OF THE ISSUE

I.  The Immigration Judge properly denied respondent's applications for asylum, withholding of removal, and relief under the Convention Against Torture under sections 208 and 241 of the Immigration and Nationality Act (Act).

## STATEMENT OF THE FACTS

Respondent is a native and citizen of Algeria who entered the United States on July 13, 1997 as a nonimmigrant fiancée with authorization to remain in the United States not to exceed October 12, 1997. (Ex.1). Respondent subsequently married his fiancée, however, that marriage ended in annulment. (Ex.4). The Service placed respondent in removal proceedings, charging him with being removable under section 237(a)(1)(B) of the Act. The Service established removability by way of a form I-94, a decision on respondent's adjustment of status application, and an annulment record. (Exs. 2,3,4). After the Immigration Judge found respondent removable, respondent sought asylum. Respondent subsequently filed an asylum application with the Immigration Court. (Ex.7).

In a decision dated December 28, 2001, the Immigration Judge denied respondent's applications for asylum, withholding of removal, and Convention Against Torture relief. In his decision the Immigration Judge found respondent lacked credibility.

## ARGUMENT

To qualify for asylum under section 208 of the Act an alien must show that he is a refugee as defined in section 101(a)(42)(A) of the Act. §101(a)(42)(A) of the Act; 8 C.F.R. 208.13(a). To qualify as a refugee a person must demonstrate that he has experienced persecution or has a well founded fear of persecution in his home country on account her race, religion, nationality, membership in a particular social group, or political opinion. Matter of A-

E-M-, 21 I&N Dec. 1157 (BIA 1998); 8 C.F.R. 208.13(b). A well-founded fear has a subjective and objective component. Ravindran v. INS, 976 F.2d 754 (1st Cir. 1992). The subjective component requires the fear to be genuine. Id. The objective component requires a showing by credible, direct, and specific evidence, ... facts that would support a reasonable fear that respondent faces persecution. Id.; See also Matter of A-E-M-, supra.

It is not enough to show conditions of political upheaval or civil unrest. See Meguenine v. INS, supra. 139 F.3d 25, 29 (1st Cir. 1998)(noting that general fears of future harm from political upheaval or terrorist violence are not sufficient to establish eligibility for asylum). Rather, there must be a nexus between one of the five statutory grounds and the feared harm. See Ravindran v. INS, supra,(evidence of widespread violence and human rights violations affecting all citizens is insufficient to establish persecution); Matter of S-V-, Interim Decision #3430 (BIA 2000)(an applicant for asylum need not show conclusively why persecution is likely to occur in the future but must provide evidence from which it is reasonable to conclude that the harm was motivated, at least in part, by an actual or imputed protected ground). Nor is it enough to be a credible witness. Matter of E-P-, 21 I.&N. Dec. 860 (BIA 1997)(a finding of credibility is not necessarily dispositive).

It is the Service's position that the Immigration Judge correctly denied respondent's applications for asylum, withholding or removal and relief under the Convention Against Torture because respondent failed to satisfy his burden of proof, including the required nexus between his fear and one of the five protected grounds[1].

---

[1] The Service believes the Immigration Judge correctly found respondent's application to be untimely and therefore barred by law. §208(a)(2)(B) of the Act. Nevertheless, should the Board find respondent is not barred by the one year time limit the Service makes this argument in the alternative.

A.  **Respondent Failed To Demonstrate That He Has A Well Founded Fear Of Persecution Based On One Of The Five Grounds Set Forth In Section 101(a)(42)(A) of the Act.**

An asylum applicant bears the heavy burden of establishing through credible and specific evidence his fear of persecution is both genuine and objectively reasonable. Bojorques-Villanueva v. I.N.S., 194 F.3d 14 (1st Cir. 1999). An alien must establish that a reasonable person in the asylum applicant's circumstances would fear persecution on account of a statutorily protected ground. Velasquez-Valencia v. I.N.S.; 244 F.3d 48 (1st Cir. 2001); Aguilar-Solis v. I.N.S., 168 F.3d 565 (1st Cir. 1999). Generally, a respondent should present supporting evidence where available. Matter of Dass, 20 I&N Dec. 120 (BIA 1989).

The Service respectfully submits that to qualify for relief under section 208 of the Act, it is not enough for the respondent to be have suffered a physical assault in his native country. See Meguenine v. INS, supra. There must be a connection between the harm feared and one of the five statutory grounds. Matter of S-P-, 21 I&N Dec. 486 (BIA 1996).

The Service submits that respondent's fear of persecution is not objectively reasonable. Respondent did not belong to any political groups in Algeria. (Trans. p.98, lines 17 to 19). Respondent fears individuals who stopped him at a checkpoint in Algeria. (Trans. p.93, line 15 to p.94, line 6; Ex.7). Yet, respondent did not know the names or identities of the people he fears. (Trans. p.93, lines 21 to 25; p. 94, lines 1 to 3; p.129, lines 14 to 16; p.151, lines 22 to 25; p.152, line 18 to p.154, line 10). Nor had respondent revealed the incident in question to his family or United States citizen wife. (Trans. p.158, line 23 to p.159, line 1; p.160, line 24 to p.161, line 1; p.162, lines 14 to 17). Moreover, respondent returned to Algeria on at least two occasions after the alleged incident in which he was threatened. (Trans. p. 93, lines 6 to 9). A reasonable person in fear of his life would not have returned to Algeria. Respondent's fear, in

light of his return to Algeria and the non-disclosure of the alleged events in Algeria, is not objectively reasonable.

There is no evidence to establish why anyone would be interested in the respondent upon his return to Algeria. During the incident in Algeria, which forms the basis of his claim, respondent was questioned in Algeria about his political affiliations. (Trans. p.106, lines 9 to 14). However, respondent did not answer the questions. (Trans. p.106, lines 16 to 24). Therefore, respondent failed to establish the connection between his fear and one of the five protected grounds.

Additionally, respondent's testimony was frequently vague. For example, respondent could not remember when the alleged checkpoint incident took place, describing it as having taken place between three and one half to six years before he entered the United States. (Trans. p.91, line 17 to p.92, line 7). Respondent's testimony lacked the detail necessary to sustain his burden of proof. Matter of Dass, supra.

Moreover, respondent was a legal permanent resident in Italy. (Trans p.87, lines 21 to 22). Respondent did not sufficiently establish why he could not return to Italy.

As the respondent failed to satisfy the lower burden of proof required for asylum, it follows that respondent also failed to satisfy the clear probability standard of eligibility required for withholding of removal. Matter of A-E-M-, supra. The evidence does not establish that it is more likely than not that the respondent would be subject to persecution on account of one of the five grounds specified in the Act. Id. Accordingly, the Immigration Judge was correct in denying respondent withholding of removal.

Respondent failed to establish that it was more likely than not he would be tortured in the country of removal. Consequently, the Immigration Judge correctly denied respondent's

application for relief under the Convention Against Torture. Nor was respondent eligible for voluntary departure. §240B(b)(1)(A) of the Act.

## CONCLUSION

For the foregoing reasons, the Service submits that the Immigration Judge correctly denied respondent's applications for relief. The Service respectfully requests the Board dismiss respondent's appeal and affirm the Immigration Judge's order to remove respondent from the United States.

Respectfully Submitted,

John M. Furlong Jr.
Assistant District Counsel
Immigration and Naturalization Service
J.F.K. Federal Building – Room 425
Boston, Massachusetts 02203

6                                                                 A73 626 402

**BENNOUR, Abdelaziz**
A73 626 402

## CERTIFICATE OF SERVICE

On April 18, 2002, I, John M. Furlong Jr., mailed, by regular first class mail, a copy of this document and any attached pages to Abdelaziz Bennour at the following address:

ACI – PO Box 8249
Cranston, RI 02920

_____          _____4/18/02_____
John M. Furlong Jr.                                              Date
Assistant District Counsel
Immigration and Naturalization Service
J.F.K. Federal Building – Room 425
Boston, MA 02203