United States DISTRICT COURT
DISTRICT of MASSACHUSETTS

CA. 04-12149-MLW

Abdelaziz Bennour
Appelant

MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Now comes ABDELAZIZ BENNOUR, The pro se litigant in the above-referenced civil action regarding his appeal against deportation from the United States, who humbly and respectfully moves this honorable court in the deliberation of this case. To consider appointing stand-by counsel to provide urgently required Legal assistance to the movant in relation to the following pleading currently before this honorable court. To be able to argue his process claim.

Practical consideration prompted firstly by the warring that "He who represents himself for a client or counsel in a court of Law is a fool". Convinced the movant of the need to continue making attempts to secure suitably qualified legal representation.

The strongly worded caveat mentioned above is as follows:

We recommend that all pro se litigants seek appointment of COUNSEL... even if you [Feel that you], are not 'unlettered' and think that you know the law pretty well, a lawyer can generally do a better job than a prisoner of conducting discoveries (especially disposition), negotiation a settlement of meritorious claims and performing the other difficult task of Litigation, by virtue of experience and of not being locked-up in (The respondents) custody.

This motion for appointment of pro bono Counsel is being submitted pursuant title 18 USCA § 3006 A(a)(2)(B)

For further consideration by this Honorable court, the movant hereby states the following factors in support of this motion:

I. Suitable qualified counsel can explain the applicable legal principals to the [movant] and LIMIT litigation to potentially meritorious Issues. In addition, appoinment of a lawyer provides the unlettered inmate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the [Federal Government] for the respondent (see Knighton v. Watkins, 616 F.2d 795, 799 (5th cir. 1985).

II The movant has already tried, without success to obtain pro bono legal representation from some of the advocacy group participating in United States Immigration and Naturalization services pro-Bono program.

III In addition, the movant initially retained a lawyer to help in responding, to the criminal charge back in 1998. I have spent my last money on this lawyer and since then I have had no income to be able to afford a hired counsel.

IV The petitioner is nearly indigent and not gainfully employed. Therefore the petitioners ability to effectively present his case is severely limited. This emphasizes the extent to which the movant requires assistance in presenting relevant facts of the two petitions mentioned above requesting review.

(see also infra §§ 36.1, 39.3b (appointment of appelate counsel)

(see also Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)

V The issues of substance raised by the movant in the two petitions particularly, the petition for Judicial review and the one pending infront of the inferior court. So, the issues raised by the movant is complex and require the trained mind and skill of lawyer.

(See Javeri v. McMickens, 660 F. Supp. 325-6 (SDNY 1989))

Wherefore the petitioner humbly and respectfully moves this honorable court to appoint pro bono counsel to assist him and resolving the matter,

Please note that the movant arrive unto this honorable court of appeal bench with the help of counsel (pro-counsel appointed by the district Federal Court: Robert M. Goldstein, Mass Bar No: 630584)

I would like to mention for my benefit:

1) Federal Habeas corpus practice and procedure § 36.1

Generally, when the district court appoints counsel to represent an indigent habeas corpus petitioner at the trial level (pursuant to the Anti-drug abuse act of 1988 in a capital case or criminal justice Act in a non-capital case),

the appointment extends throughout the petitioner's Federal Appeal's. Even if the district court did not appoint counsel, appointment of appelate counsel may be appropriate pursuant to the same legal standards that govern trial-level appointments. Under those standards, the district court and court of appeals must grant request for counsel by indigent habeas corpus petitioners.

2) Criminal Justice Act, 18 U.S.C. § 3006 A(c) (1994). A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States Magistrate or the court through appeal, including ancillary matters appropriate to the proceedings.

3) Anti-Drug Abuse Act of 1988, 21 U.S.C.A. § 848(q)(8) (West 1994 & Supp. 1998) (Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout ... all available post conviction process[es], together with applications for stays of execution and other appropriate motions and procedures, and

shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

4) Rule 8(c) of the Rules Governing § 2254 Cases (These rules do not limit the appointment of counsel under 18 U.S.C. § 3006 A at any stage of the case if the interest of justice so requires.

Respectfully submitted the following motion on hope that this Honorable Court take into consideration the appelant call.

Respectfully Submitted

July 13th '2005



Abdelaziz Bennour
Inmate : 134504 Unit: GC
400 Faunce Corner Road
North Dartmouth, MA 02747